9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenna BOYCE, Plaintiff-Appellant,
v.
DICKINSON COUNTY, Kansas and Durward Nice, Dickinson County
Administrator, Defendants-Appellees.
 No. 92-3333.
 United States Court of Appeals, Tenth Circuit.
 Nov. 12, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Kenna Boyce is employed by the Dickinson County, Kansas, Highway Department. She filed this suit pursuant to the Pregnancy Discrimination Act (PDA), 42 U.S.C.2000e(k), alleging that defendants Dickinson County and Durward Nice, county administrator, failed to promote her to the position of data processor for the discriminatory reason that she was pregnant and would be taking time off from work. Plaintiff appeals from the district court's order granting relief to defendants following a bench trial on plaintiff's pregnancy discrimination claim. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 The district court found the following facts relevant to this appeal. Beginning in 1987, plaintiff was employed by the Dickinson County Highway Department as the office manager. In June 1990, the position of data processor became open and plaintiff, having performed the job of back-up data processor while office manager, applied for this position. Plaintiff was pregnant at the time. Defendant Nice was overheard to express concern about hiring her because of the length of time she would be taking off from work.
 
 
 5
 Defendant Nice interviewed plaintiff and others for the position; the county commissioners also interviewed the top applicants, but not plaintiff. Two of the three commissioners knew plaintiff and felt an interview would be unnecessary. Mr. Nice and the commissioners separately ranked plaintiff as the thirdor fourth-best qualified of the candidates. Although Mr. Nice's evaluation of the candidates was relevant to the hiring decision, the county commission, not Mr. Nice, had authority to hire. The commission initially offered the position to another female applicant as a political favor. This applicant declined. The commission then offered the data processor job to a man who had been ranked higher than plaintiff. By the time the commission offered the position to this candidate, plaintiff was soon to return from maternity leave.
 
 
 6
 A claim of pregnancy discrimination is properly analyzed under the disparate treatment analysis applied in cases filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e to 2000e-17. EEOC v. Ackerman, Hood & McQueen, Inc., 956 F.2d 944, 947 & n.2 (10th Cir.), cert. denied, 113 S.Ct. 60 (1992); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)(explaining disparate treatment analysis under Title VII). Using that analysis, the district court found upon the above facts that plaintiff had made out a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The court then found that defendants had rebutted the presumption of illegal discrimination by offering a legitimate, nondiscriminatory reason for not promoting plaintiff--that the commission concluded she was not the best qualified applicant for the position. See id. The district court concluded that plaintiff failed to prove that this reason was a pretext for discrimination. See id. at 804.
 
 
 7
 Plaintiff contends on appeal that the district court erred (1) in finding that she failed to prove pretext and (2) in excluding evidence "pertaining directly to the defendants' mind-set." Appellant's Br. at 9.
 
 
 8
 "Our review of the district court's factual findings is limited to determining whether they are clearly erroneous." Ackerman, 956 F.2d at 946. Plaintiff's theory at trial was that defendant Nice had authority to hire a data processor, that Mr. Nice expressed an intent not to hire plaintiff for the position due to her pregnancy and therefore also manipulated the applicant rankings against her, and that the county commission ratified Mr. Nice's discrimination by relying on his recommendation.
 
 
 9
 On the record before us, we cannot hold that the district court clearly erred in concluding that plaintiff failed to prove pretext. At the time the data processor job was offered to a man, plaintiff was no longer pregnant and was back at work. Tr. Vol. II at 228 (attached to Appellees' Br.). Therefore, we agree with the district court's finding that plaintiff's pregnancy was not relevant to defendants' hiring decision. Further, the evidence before us does not support a finding that Mr. Nice had authority to hire for the data processor position. There is no evidence of discrimination by the commissioners. We hold that the district court's finding that plaintiff failed to prove pretext is not clearly erroneous.
 
 
 10
 Plaintiff also challenges the district court's exclusion of certain evidence plaintiff sought to present for the purpose of showing defendants' mind-set. See Tr. Vol. II at 370-72 (App. at 35-37). Although the district court did not state a reason for disallowing this evidence, it presumably concluded that the evidence was not relevant to defendants' mind-set or any other issue in the case. We review a ruling that evidence is not relevant for an abuse of discretion. Hill v. Bache Halsey Stuart Shields Inc., 790 F.2d 817, 825 (10th Cir.1986).
 
 
 11
 Plaintiff sought to introduce evidence tending to show that after she was not offered the data processor job and complained of discrimination to the county commission, the commission retaliated against her. Tr. Vol. II at 370-71 (App. at 35-36). We agree with defendants that plaintiff is seeking to introduce evidence of retaliation, not evidence of defendants' mind-set. Because retaliation is not an issue in the case, the district court did not abuse its discretion in excluding the proffered evidence.
 
 
 12
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3